Gregory C. Nuti (CSBN 151754)
Christopher H. Hart (CSBN 184117)
Kevin W. Coleman (CSBN 168538)
NUTI HART LLP
6232 La Salle Ave, Suite D
Oakland, CA 94611
Telephone: 510-506-7152
Email: gnuti@nutihart.com
chart@nutihart.com
kcoleman@nutihart.com

Kara E. Casteel
(Admitted Pro Hac Vice)
kcasteel@askllp.com
ASK LLP, 2600 Eagan Woods Drive
Suite 400, St. Paul, MN 55121
Tel: (651) 406-9665 / Fax: (651) 406-9676

Attorneys for MATHESON FLIGHT EXTENDERS, INC.; MATHESON POSTAL SERVICES, INC. and MATHESON TRUCKING, INC.

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
510-506-7152

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>MATHESON FLIGHT EXTENDERS, INC.,<br><br>Debtor. | Case No.: 22-21148<br><br>Chapter 11 |
| In re:<br><br>MATHESON POSTAL SERVICES, INC.<br><br>Debtor. | Case No.: 22-21149<br><br>Chapter 11<br><br>Case No.: 22-21758<br><br>Judge: The Hon. Christopher M. Klein |
| In re:<br><br>MATHESON TRUCKING, INC.<br><br>Debtor.<br><br>Affects All Debtors<br>X Affects Matheson Flight Extenders | Adversary No. ____________<br><br>**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502** |

Affects Matheson Postal Services
Affects Matheson Trucking

| | |
|---|---|
| MATHESON FLIGHT EXTENDERS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HSS Security, LLC dba HSS Inc.,<br><br>Defendant. | |

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
510-506-7152

Matheson Flight Extenders, Inc. (the "Plaintiff" or "MFE"), one of the debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and, collectively, the "Debtors"), by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against HSS Security, LLC dba HSS Inc. (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges upon information and belief that:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Eastern District of California (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). The underlying chapter 11 bankruptcy case is captioned *In re Matheson Flight Extenders, Inc.,* Case No. 22-21148.

2. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2). Plaintiff consents to entry of final orders and judgment by the Court.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

4. The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
510-506-7152

**PROCEDURAL BACKGROUND**

8. On May 5, 2022 (the "Petition Date"),[1] Debtors MFE and Matheson Postal Services, Inc. filed voluntary petitions for relief under the Bankruptcy Code. The Debtors' chapter 11 cases (the "Debtors' Cases") are being jointly administered. Since the commencement of the Debtors' Cases, the Debtors have been operating their businesses as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

9. On May 25, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors for MFE and MPS ("Creditors Committee") (Doc. No. 87), and on August 8, 2022, the UST appointed the same members of the Creditors Committee to also serve as the Official Committee of Unsecured Creditors for MTI (Doc. No. 297).

5. No trustee or examiner has been appointed in any of the Debtors' Cases.

**THE PARTIES**

6. The Debtors provided extensive logistics and mail handling services under contracts with the United States Postal Service (the "USPS" or "Postal Service") and other customers, including Federal Express Co., United Parcel Service, and DHL. Approximately 85% of the Debtors' revenue stream stemmed from services provided to USPS. The Debtors had approximately 3,000 full-time employees, with an increase to over 4,000 employees during peak mailing periods.

7. Pursuant to sections 547, 548, 550, 704(a), 1106, and 1107 of the Bankruptcy Code, Plaintiff is authorized and has standing to pursue this avoidance action.

8. Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided goods and/or services to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's principal place of business is located at 990 S. Broadway, Suite 420, Denver, Colorado 80209. Plaintiff is informed and believes and on that basis alleges that Defendant is a limited liability company residing in and subject to the laws of the State of Delaware.

[1] Debtors Matheson Flight Extenders, Inc. and Matheson Postal Services, Inc. ("MPS," Bankruptcy Case No. 22-21149) filed on May 5, 2022; Debtor Matheson Trucking, Inc. ("MTI," Bankruptcy Case No. 22-21758) filed on July 14, 2022.

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
510-506-7152

**FACTUAL BACKGROUND**

11. Prior to the Petition Date the Debtors, as providers of logistics and mail handling services, maintained business relationships with various business entities, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services. The Debtors also regularly paid for services used to facilitate its business.

12. The Debtors' financial difficulties that led to the decision to file petitions for bankruptcy are attributable to a combination of factors, all of which placed significant stress on the Debtors' liquidity position in the months leading up to the Petition Date.

13. The Debtors ceased operations on January 31, 2024, and are in the process of liquidating their remaining assets. There will not be sufficient funds to pay general unsecured non-priority claims in full and holders of such class of claims are impaired.

14. During the ninety (90) days before and including the Petition Date, that is between February 4, 2022, and May 5, 2022 (the "Preference Period"), the Debtors continued to operate their business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

15. Upon information and belief, during the course of their relationship, the Defendant and one of more of the Debtors entered into agreements for the purchase of goods and/or services by Debtors from the Defendant, which are evidenced by one or more contracts, purchase orders, invoices, communications and other documents (collectively, the "Agreements"). Upon further information and belief, the Agreements concerned and related to the goods and/or services provided by Defendant to one or more of the Debtors as described in the "Parties" section of this Complaint. Plaintiff's payments to the Defendant pursuant to the Agreements during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit A.

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
510-506-7152

16. Plaintiff is seeking to avoid all of the transfers of an interest of Plaintiff's property made by Plaintiff to Defendant within the Preference Period.

17. Plaintiff made transfer(s) of an interest of Plaintiff's property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than the amount set forth on Exhibit A hereto (the "Transfer(s)"). The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference.

18. On or about April 3, 2024, Plaintiff, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer(s). The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to section 547 of the Bankruptcy Code and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so Plaintiff could review the same.

19. Plaintiff also performed Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant. As part of Plaintiff's due diligence, Plaintiff reviewed the books and records in Plaintiff's possession and identified that Defendant potentially has $4,224.00 in invoices qualifying for the subsequent new value defense under section 547(c)(4) of the Bankruptcy Code. However, the subsequent new value defense is an affirmative defense, for which Defendant bears the burden of proof under section 547(g). The potential new value is based on the invoice date in the books and records. As the dates for new value are often based on the shipping dates for goods and the actual dates of service for services, this new value is subject to adjustment. Accordingly, Plaintiff puts Defendant to its burden of proof to establish it is entitled to this new value.

20. Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff

may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

21. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all preferential transfers of property made by the Debtors to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
510-506-7152

## CLAIMS FOR RELIEF

## COUNT I

**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

22. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

23. As more particularly described on Exhibit A attached hereto and incorporated herein, during the Preference Period, Plaintiff made Transfers to or for the benefit of Defendant in an aggregate amount not less than $38,478.00.

24. Each Transfer was made from Plaintiff, and constituted transfers of an interest in property of Plaintiff.

25. Defendant was a creditor of Plaintiff at the time of each Transfer by virtue of supplying the goods and/or services identified in this Complaint and in the Agreements to Plaintiff, as more fully set forth on Exhibit A hereto, for which Plaintiff was obligated to pay following delivery in accordance with the Agreements. *See* Exhibit A.

26. Each Transfer was to or for the benefit of a creditor within the meaning of section § 547(b)(1) of the Bankruptcy Code because each Transfer either reduced or fully satisfied a debt or debts then owed by Plaintiff to Defendant.

27. Each Transfer was made for, or on account of, an antecedent debt or debts owed by Plaintiff to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by Plaintiff as set forth on Exhibit A hereto.

28. Each Transfer was made while Plaintiff was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
510-506-7152

29. Each Transfer was made during the Preference Period, as set forth on Exhibit A.

30. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) Plaintiff's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtors' and Plaintiff's liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estates.

31. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

**COUNT II**
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

9. Plaintiff hereby incorporates all previous allegations as though fully set forth herein, to the extent they are not inconsistent with allegations contained in this Second Claim for Relief.

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
510-506-7152

10. To the extent one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was incurred by another Debtor but paid for by Plaintiff without a corresponding intercompany receivable recorded by the Debtor incurring the debt, Plaintiff pleads in the alternative that the Debtor(s) making such transfer(s) did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

A. The Debtors were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

B. The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors was an unreasonably small capital; or

C. The Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

32. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

**COUNT III**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

33. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

34. Plaintiff is entitled to avoid the Transfer(s) pursuant to section 547(b) of the Bankruptcy Code and any Potentially Fraudulent Transfers pursuant to section 548 of the Bankruptcy Code (collectively, the "Avoidable Transfers").

35. Defendant was the initial transferee of Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

36. Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover the Avoidable Transfers from Defendant, plus interest thereon to the date of payment and the costs of this action.

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
510-506-7152

**COUNT IV**
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

37. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

38. Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

39. Defendant has not paid the amount of the Avoidable Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

40. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Plaintiff's estate must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers, plus interest thereon and costs.

41. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' estate previously allowed by the Debtors, must be reconsidered and disallowed until such time as Defendant pays to the Debtors an amount equal to the aggregate amount of the Avoidable Transfers.

**PRAYER**

WHEREFORE, Plaintiff prays for entry of judgment against Defendant as follows:

1. On the First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b), 548, and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

2. On Plaintiff' Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against Plaintiff until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

3. For such other and further relief as the Court deems just and proper.

DATED: May 3, 2024

NUTI HART LLP
Gregory C. Nuti
Christopher H. Hart
Kevin W. Coleman

and

ASK LLP
Kara E. Casteel (admitted pro hac vice)

By: *\/s\/ Kara E Casteel*
Attorneys for the Chapter 11 Debtors and
Debtors In Possession

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
510-506-7152