MICHAEL WALLIN, Cal. Bar No. 240344
WALLIN & RUSSELL LLP
26000 Towne Centre Drive, Suite 130
Foothill Ranch, California 92610
Telephone: 949-652-2200
Facsimile: 949-652-2210
mwallin@wallinrussell.com

Attorneys for Defendant
HSS SECURITY, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>MATHESON FLIGHT EXTENDERS, INC.,<br><br>Debtor.<br><br>---<br><br>MATHESON FLIGHT EXTENDERS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HSS SECURITY, LLC,<br><br>Defendant. | Case No. 22-21148<br><br>Chapter 11<br><br>Adv. Case No. 24-02117<br><br>**ANSWER TO COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502** |

Defendant HSS Security, LLC ("Defendant"), by its undersigned counsel, hereby answers as follows:

1. Defendant admits the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 5 of the Complaint and on that basis denies the allegations set forth in paragraph 5 of the Complaint.

6. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 6 of the Complaint and on that basis denies the allegations set forth in paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 8 of the Complaint and on that basis denies the allegations set forth in paragraph 8 of the Complaint.

9. There is no paragraph 9 of the Complaint.

10. There is no paragraph 10 of the Complaint.

11. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 11 of the Complaint and on that basis denies the allegations set forth in paragraph 11 of the Complaint.

12. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 12 of the Complaint and on that basis denies the allegations set forth in paragraph 12 of the Complaint.

13. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 13 of the Complaint and on that basis denies the allegations set forth in paragraph 13 of the Complaint.

14. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 14 of the Complaint and on that basis denies the allegations set forth in paragraph 14 of the Complaint.

15. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 15 of the Complaint and on that basis denies the allegations set forth in paragraph 15 of the Complaint.

16. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 16 of the Complaint and on that basis denies the allegations set forth in paragraph 16 of the Complaint.

17. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 17 of the Complaint and on that basis denies the allegations set forth in paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 19 of the Complaint and on that basis denies the allegations set forth in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 21 of the Complaint and on that basis denies the allegations set forth in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint does not contain an allegation which can be admitted or denied.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 24 of the Complaint and on that basis denies the allegations set forth in paragraph 24 of the Complaint.

25. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 25 of the Complaint and on that basis denies the allegations set forth in paragraph 25 of the Complaint.

26. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 26 of the Complaint and on that basis denies the allegations set forth in paragraph 26 of the Complaint.

27. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 27 of the Complaint and on that basis denies the allegations set forth in paragraph 27 of the Complaint.

28. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 28 of the Complaint and on that basis denies the allegations set forth in paragraph 28 of the Complaint.

29. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 29 of the Complaint and on that basis denies the allegations set forth in paragraph 29 of the Complaint.

30. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 30 of the Complaint and on that basis denies the allegations set forth in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint does not contain an allegation which can be admitted or denied.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant lacks sufficient information and belief to admit or deny the allegations contained in paragraph 35 of the Complaint and on that basis denies the allegations set forth in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint does not contain an allegation which can be admitted or denied.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies that Plaintiff is entitled to the relief requested in its Prayer for Relief.

**FIRST AFFIRMATIVE DEFENSE**

(Fed. R. Civ. P. 12 (b)(6) and Fed. Rule Bankr. P. 7012(b))

The Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(11 U.S.C. Section 547(c)(1))

Any transfer made to Defendant by Debtor within 90 days prior to the petition date was intended by Defendant and Debtor to be a contemporaneous exchange for new value given to Debtor, and in fact was a substantially contemporaneous exchange, pursuant to 11 U.S.C. § 547(c)(1).

**THIRD AFFIRMATIVE DEFENSE**

(11 U.S.C. Section 547(c)(2))

Any transfer made to Defendant by Debtor within the 90 days prior to the petition date was for a debt incurred by Debtor in the ordinary course of business between Debtor and Defendant, was made in the ordinary course of business between Debtor and Defendant, and was made according to ordinary business terms, pursuant to 11 U.S.C. § 547(c)(2).

**FOURTH AFFIRMATIVE DEFENSE**

(11 U.S.C. Section 547(c)(4))

With respect to any transfer made to Defendant by Debtor within the 90 days prior to the petition date, Defendant gave subsequent new value to or for Debtor's benefit that was not secured by an otherwise unavoidable security interest, pursuant to 11 U.S.C. § 547(c)(4).

**FIFTH AFFIRMATIVE DEFENSE**

(11 U.S.C. Section 101(32))

At the time of the transfers, Debtor was not insolvent as defined in 11 U.S.C. Section 101(32).

WHEREFORE, Defendant prays as follows:

a. that the Complaint be dismissed with prejudice, and that Plaintiff recover nothing by reason of its Complaint and any of the claims it has asserted or could have asserted against Defendant in this proceeding;

b. that Defendant be awarded its costs;

c. that Defendant be allowed to amend this Answer to add defenses as further information regarding Plaintiff's claim become available; and

d. for such other and further relief as the Court deems just and proper.

Dated: August 8, 2024

WALLIN & RUSSELL LLP

By [signature]

MICHAEL WALLIN
Attorneys for Defendant
HSS SECURITY, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
26000 TOWNE CENTRE DRIVE, SUITE 130, FOOTHILL RANCH, CA 92610

A true and correct copy of the foregoing document entitled (*specify*): ANSWER TO COMPLAINT

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ________________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ________________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 08/08/2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Nuti Hart LLP
6232 La Salle Ave, Suite D, Oakland, CA 94611
Email: gnuti@nutihart.com, kcasteel@askllp.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 08/08/2024 | Michael Wallin | /s/ Michael Wallin |
| *Date* | *Printed Name* | *Signature* |